# STATE OF FLORIDA v MACHIN

## Case No. 86-15426

Thirteenth Judicial Circuit, Hillsborough County

September 21, 1987

### APPEARANCES OF COUNSEL

**James M. Barton II,** Assistant State Attorney, for appellant.
**Ray LaPorte** for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

## ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL

Appellee's Motion to Dismiss Appellant's appeal is *granted* and Appellant's Motion to Strike is *denied.*

On October 28, 1986, Appellant filed a Notice of Appeal, appealing an order granting Defendant's Motion to Dismiss Information. The Notice of Appeal was timely filed. On January 9,1987, Appellant filed a Motion for Extension of Time to File Brief which the lower court denied by Order dated January 27, 1987. On January 26, 1987, Appellant attempted to serve Appellee's counsel with a brief. The record was prepared and served by the Clerk on February 17, 1987.

The undersigned court finds that the time schedule was tolled on January 9, 1987 by the filing of Appellant's Motion for Extension of Time until the lower court ruled on that motion on January 27, 1987. Rule 9.300(b) Rules of Appellate Procedure. The court further finds that Appellant properly served Appellee's attorney with a brief on January 26, 1987 when Appellant attempted to personally hand him a copy of the brief which Appellee's attorney chose not to accept. Rule 9.420(c)(2) Rules of Appellate Procedure. The court further finds that the brief of January 26, 1987, the date Appellant attempted to serve Appellee's attorney, was timely, Rule 9.140(c)(3), Rules of Appellate Procedure. However, the brief filed by the Appellant on January 26, 1987 failed to contain the required references to the appropriate pages of the Record, Rule 9.210(b)(3) Rules of Appellate Procedure because the Record was not prepared and served by the clerk until February 17, 1987, a date after the 50 days allowable for the record and index to be served and after the 80 days allowable for the service of the initial brief. The appellant's brief, when served on January 26, 1987, was not complete because the Record had not yet been filed. The burden to ensure the record is prepared and transmitted in accordance with the rules is on the Appellant, Rule 9.200(e) Rules of Appellate Procedure. The court has considered Rule 9.200(f) Rules of Appellate Procedure which gives the court or lower tribunal the opportunity to correct an error or omission in the record and further states that a proceeding should not be determined because the record is incomplete until an opportunity to supplement the record has been given. However this issue has been dealt with by the lower tribunal in a Motion for Extension of Time to File Brief. The grounds for that Motion were that the Record had not been prepared by the Clerk. The lower tribunal for some reason chose to deny Appellant's Motion by an

Order dated January 27, 1987. Appellant's brief, when filed and served, was not complete and when complete was untimely. Appellee's Motion to Dismiss is *granted* and Appellant's Motion to Strike is *denied.*

DONE and ORDERED in Tampa, Hillsborough County, Florida, this 21st day of September, 1987.